# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATONYA TYUS, an individual; DAVID HUNSICKER, an individual; LINDA DAVIS, an individual; TERRON SHARP, an individual; COLLINS KWAYISI, an individual; LEE JONES, an individual; RAISSA BURTON, an individual; JERMEY MCKINNEY, an individual; and FLORENCE EDJEOU, an individual, all on behalf of themselves and all similarly situated individuals,<br><br>                  Plaintiffs,<br>vs.<br><br>WENDY'S OF LAS VEGAS, INC., an Ohio corporation; CEDAR ENTERPRISES, INC., an Ohio Corporation; and DOES 1 through 100, inclusive,<br><br>                  Defendants. | Case No.: 2:14-cv-00729-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 11) filed by Defendants Wendy's of Las Vegas, Inc. and Cedar Enterprises, Inc. (collectively, "Defendants"). Plaintiffs Raissa Burton, Linda Davis, Florence Edjeou, David Hunsicker, Lee Jones, Collins Kwayisi, Jeremy McKinney, Terron Sharp, and Latonya Tyus (collectively, "Plaintiffs") filed a Response (ECF No. 14), and Defendants filed a Reply (ECF No. 15). For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND

This case arises out of alleged violations of Nevada statutes pertaining to minimum wage regulations for employers. Plaintiffs are employees of the fast food restaurant chain, Wendy's, who work at various locations throughout Clark County, Nevada. (Am. Compl. ¶ 1,

ECF No. 3). Plaintiffs allege that this action "is a result of [Defendants'] failure to pay Plaintiffs and other similarly-situated employees who are members of the Class the lawful minimum wage, because [Defendants] improperly claim, or have claimed, the right to compensate employees below the upper-tier hourly minimum wage level under Nev. Const. art. XV, § 16." (*Id.* ¶ 2).

Plaintiffs filed the instant action in this Court on May 9, 2014. (*See* Compl., ECF No. 1). Shortly thereafter, on May 20, 2014, Plaintiffs filed an Amended Complaint, alleging four claims for relief: (1) violation of Nev. Const. art. XV, § 16; (2) violation of Nev. Const. art. XV, § 16 and NAC 608.102; (3) violation of Nev. Const. art. XV, § 16 and NAC 608.104; (4) violation of NRS 608.018. (Am. Compl. ¶¶ 88–105). Subsequently, Defendants filed the instant motion, seeking dismissal of Plaintiffs' Amended Complaint. (Mot. to Dismiss, ECF No. 11).

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

As a preliminary matter, Defendants assert that Plaintiffs' Fourth Claim for Relief should be dismissed because there is no private right of action under NRS 608.018 and for failure to state a claim. (Mot. to Dismiss 6:17–9:2, ECF No. 11). Plaintiffs do not "oppose the portions of Defendants' motion aimed at dismissing Plaintiffs' Fourth Claim for Relief." (Response 7:1–2, ECF No. 14). Accordingly, the Court dismisses Plaintiffs' Fourth Claim for Relief with prejudice.

**A.  Private Right of Action**

Defendants assert that, "[t]o the extent that Plaintiffs' Second Claim is seeking relief for

an alleged 'violation' of NAC 608.102, dismissal is appropriate because there is no private right of action or relief provided in NAC 608.102." (Mot. to Dismiss 3:11–13). Additionally, Defendants assert that, "to the extent Plaintiffs' Third Claim for Relief is attempting to allege a 'violation' of NAC 608.104, dismissal of the claim with prejudice is proper as there is no private right of action or court relief available to an individual under NAC 608.104." (*Id.* 5:6–8). On the other hand, Plaintiffs argue that NAC 608.102 and 608.104 effectuate the mandates of Nev. Const. art. XV, § 16 ("the Minimum Wage Amendment"). (Response 5:24–25). Moreover, Plaintiffs argue that "[b]oth N.A.C. 608.102 and 608.104 further the rights and remedies created by the amendment, and are thus enforceable privately." (*Id.* 5:25–27).

The Minimum Wage Amendment provides in pertinent part:

> Each employer shall pay a wage to each employee of not less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits. Offering health benefits within the meaning of this section shall consist of making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer. These rates of wages shall be adjusted by the amount of increases in the federal minimum wage over $5.15 per hour, or, if greater, by the cumulative increase in the cost of living.

Nev. Const. art. XV, § 16. Moreover, NAC 608.102 provides regulation regarding the type of health insurance plans that must be offered. Additionally, NAC 608.104 provides regulation for the determination of whether an employee's share of a qualified health insurance's premium exceeds 10 percent of the employee's gross taxable income.

Under Nevada law, if a statute does not expressly mention whether an individual may privately enforce its terms, one "may pursue their claims under that statute only if a private

cause of action is implied." *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 100 (Nev. 2008). "Whether a private cause of action can be implied is a question of legislative intent." *Id.* at 100–01 (citing *Allstate Inc. Co. v. Thorpe*, 170 P.3d 989, 993 (Nev. 2007)). To determine legislative intent in the absence of plain, clear language, Nevada courts examine the entire statutory scheme, reason, and public policy. *Id.* at 101 (citing *U.S. Design & Const. Corp. v. Int'l Bros. of Elec. Workers*, 50 P.3d 170, 172 (Nev. 2002)). Accordingly, Nevada courts "are guided by three factors originally set forth by the U.S. Supreme Court: (1) whether the plaintiffs are 'of the class for whose special benefit the statute was enacted'; (2) whether the legislative history indicates any intention to create or to deny a private remedy; and (3) whether implying such a remedy is 'consistent with the underlying purposes of the legislative [sch]eme.'" *Id.* (quoting *Sports Form, Inc. v. Leroy's Horse and Sports Place*, 823 P.2d 901, 902 (Nev. 1992)).

Ultimately, "the determinative factor is always whether the Legislature intended to create a private judicial remedy." *Id.* Without this intent, courts may not create a cause of action "no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* (quoting *Alexander v. Sandoval,* 532 U.S. 275, 286–87 (2001)). "[T]he absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Id.*

Here, neither party disputes that NAC 608.102 and 608.104 do not explicitly provide for a private right of action. Additionally, the Court cannot find intent by the Nevada Legislature to create a private right of action pursuant to these regulations. The Minimum Wage Amendment provides that "[a]n employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to

remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief." Therefore, the Minimum Wage Amendment, rather than the NAC, provides a private right of action for minimum wage violations by employers. Plaintiffs' claim for violations of NAC 608.102 and 608.104 are dismissed with prejudice as no amendment may cure this defect, and Plaintiffs' First Claim for Relief is Plaintiffs' remaining claim.

### B. Failure to State a Claim

Next, Defendants assert that Plaintiffs' claim of an alleged violation of the Minimum Wage Amendment "is subject to dismissal because it fails to allege a claim upon which relief may be granted." (Mot. to Dismiss 3:21–23). As discussed above, the Minimum Wage Amendment requires that employers provide qualifying health benefits when it pays an employee a wage less than the upper-tier minimum wage. Nev. Const. art. XV, § 16. Pursuant to the Amendment, qualifying health benefits are benefits for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer." *Id.*

In the Amended Complaint, Plaintiffs allege the specific wages that each named Plaintiff earned. (Am. Compl. ¶¶ 26, 31, 36, 42, 45, 50, 55, 60, and 65). Furthermore, Plaintiffs allege that Defendants offered most of the named Plaintiffs "the company health insurance plan through Aetna Inc." (*Id.* ¶¶ 27, 32, 37, 46, 51, 56, 61, and 66). Additionally, Plaintiffs allege that the health plan offered to the named Plaintiffs through Aetna Inc. "did not cover those categories of health care expenses that are generally deductible by an employee on his/her individual federal income tax return pursuant to 26 U.S.C. § 213 and any federal regulations relating thereto, if such expenses had been borne directly by the employee." (*Id.* ¶¶ 28, 33, 38, 47, 52, 57, 62, and 67). Moreover, Plaintiffs allege that the health plan offered to the some of the named Plaintiffs through Aetna Inc. had premium costs that "exceeded the constitutionally-

prescribed maximums." (*Id.* ¶¶ 29, 39, 48, 53, 58, and 63).

The Court finds that these allegations sufficiently plead a cause of action for violations of the Minimum Wage Amendment. Accordingly, the Court will deny Defendants' Motion to Dismiss as to this claim.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED in part** and **DENIED in part**. Defendants' Motion to Dismiss is granted as to Plaintiffs' Second, Third, and Fourth Claims for Relief, and these claims are dismissed with prejudice. Additionally, Defendants' Motion to Dismiss is denied as to Plaintiffs' First Claim for Relief. Therefore, the action will proceed on this claim.

**DATED** this 4th day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge