# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATONYA TYUS, an individual; DAVID HUNSICKER, an individual; LINDA DAVIS, an individual; TERRON SHARP, an individual; COLLINS KWAYISI, an individual; LEE JONES, an individual; RAISSA BURTON, an individual; JERMEY MCKINNEY, an individual; and FLORENCE EDJEOU, an individual, all on behalf of themselves and all similarly situated individuals,<br><br>            Plaintiffs,<br>      vs.<br><br>WENDY'S OF LAS VEGAS, INC., an Ohio corporation; CEDAR ENTERPRISES, INC., an Ohio Corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: 2:14-cv-00729-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Partial Judgment on the Pleadings (ECF No. 18) filed by Defendants Wendy's of Las Vegas, Inc. and Cedar Enterprises, Inc. (collectively, "Defendants"). Plaintiffs Raissa Burton, Linda Davis, Florence Edjeou, David Hunsicker, Lee Jones, Collins Kwayisi, Jeremy McKinney, Terron Sharp, and Latonya Tyus (collectively, "Plaintiffs") filed a Response (ECF No. 19), and Defendants filed a Reply (ECF No. 22). For the reasons discussed below, the Court **GRANTS** Defendants' Motion for Partial Judgment on the Pleadings.

## I.     BACKGROUND

This case arises out of violations of Nevada statutes pertaining to minimum wage regulations for employers. Plaintiffs are employees at various locations throughout Clark County, Nevada of the fast food restaurant chain, Wendy's. (Am. Compl. ¶ 1, ECF No. 3).

Plaintiffs allege that this action "is a result of [Defendants'] failure to pay Plaintiffs and other similarly-situated employees who are members of the Class the lawful minimum wage, because [Defendants] improperly claim, or have claimed, the right to compensate employees below the upper-tier hourly minimum wage level under Nev. Const. art. XV, § 16." (*Id.* ¶ 2).

Plaintiffs filed the instant action in this Court on May 9, 2014. (*See* Compl., ECF No. 1). Shortly thereafter, on May 20, 2014, Plaintiffs filed an Amended Complaint. (*See* Am. Compl.). Subsequently, Defendants filed a Motion to Dismiss, seeking dismissal of Plaintiffs' Amended Complaint. (Mot. to Dismiss, ECF No. 11). The Court dismissed Plaintiffs' Second, Third, and Fourth claims for relief with prejudice, and denied Defendant's Motion as to Plaintiffs' First claim for relief. (Feb. 4, 2015 Order, ECF No. 40).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, "[a]nalysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.*

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (emphasis added).

## III. DISCUSSION

In its Motion, Defendants assert that, "[b]ecause the statute of limitation is two years for minimum wage claims and statutes of limitations are strictly construed, Plaintiffs' class and individual claims falling outside the two year statute of limitations must be dismissed as a matter of law." (Mot. for Partial J. on the Pleadings 2:7–13, ECF No. 18).  More specifically, Defendants assert that Nevada Revised Statute 608.260 provides the applicable statute of limitation in this case, which states that an "employee may, at any time within two years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage." (*Id.*; Nev. Rev. Stat. 608.260).

On the other hand, Plaintiffs assert that NRS 608.260 does not apply to this case and has been impliedly repealed by the Minimum Wage Amendment, the text of the Minimum Wage Amendment contains no limitation for actions to enforce its terms, and if a limitation does exist in this matter, it can only be the four-year catch-all provision found in NRS 11.220. (Response 5:14–14:6, ECF No. 19).

The Ninth Circuit and the District of Nevada have both addressed this question. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892 (9th Cir. 2013); *see also McDonagh v. Harrah's Las Vegas, Inc.*, No. 2:13-cv-01744-JCM-CWH, 2014 WL 2742874 (D. Nev. June 17, 2014).  In *Rivera*, the district court held that, although the Minimum Wage Amendment is silent on the limitation period for minimum wage actions, such silence did not imply a repeal of the two-year limitation period of NRS 608.260, and dismissed all wage claims accruing before

the two-year limitation period. *Rivera v. Peri & Sons Farms, Inc.*, 805 F. Supp. 2d 1042, 1046 (D. Nev. 2011).  On appeal, the Ninth Circuit held that "[t]he district court properly dismissed the state constitutional claims to the extent they accrued more than two years before the farmworkers filed suit." *Rivera*, 735 F.3d at 902.  Moreover, in *McDonagh*, the district court acknowledged that, "[w]hile article 15, section 16 of the Nevada constitution does create a new two-tiered minimum wage in the state, the section is silent on whether it changes the two-year statute of limitations in the Nevada Revised Statutes." 2014 WL 2742874, *4.  The court went on to hold that "the constitutional provision was not intended to change this two-year statute of limitations." *Id.*

Plaintiffs argue that the Nevada Supreme Court's holding in *Thomas v. Nevada Yellow Cab Corp.*, 327 P.3d 518 (Nev. 2014), impliedly repealed NRS 608.260. (Response 7:3–9:21). In *Thomas*, the court noted that the Nevada Constitution controls over any conflicting statutory provisions, that a statute will be construed to be in harmony with the constitution, if reasonably possible, and "when a statute 'is irreconcilably repugnant' to a constitutional amendment, the statute is deemed to have been impliedly repealed by the amendment." *Id.* at 521.  The court found the Minimum Wage Act to be "irreconcilably repugnant" to NRS 608.250(2), which excluded different classes of employees from its minimum wage mandate. *Id.*  The court found that "[t]he Amendment's broad definition of employee and very specific exemptions necessarily and directly conflict with the legislative exception for taxicab drivers established by NRS 608.250(2)(e)." *Id.*

Unlike the statutory provision in *Thomas*, the Court finds that the two-year statute of limitations period found in NRS 608.260 does not necessarily and directly conflict with the Minimum Wage Amendment, which would make it irreconcilably repugnant.  Rather, the statutory provision can be construed in harmony with the constitution.  Therefore, although the Minimum Wage Amendment is silent on a limitations period, the Court finds that this silence

does not impliedly repeal the two-year statute of limitations period found in NRS 608.260. Accordingly, the Court dismisses with prejudice all wage claims accruing more than two years before Plaintiffs filed suit.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 18) is **GRANTED**. Accordingly, all wage claims accruing more than two years before Plaintiffs filed suit are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Countermotion for Partial Summary Judgment (ECF No. 21) and Defendants' Motion to Strike (ECF No. 24) are **DENIED as moot**.

**DATED** this 13th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge