**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LATONYA TYUS, *et al.,* | |
| Plaintiffs, | 2:14-cv-00729-GNM-VCF |
| vs. | **ORDER** |
| WENDY'S OF LAS VEGAS, *et al.,* | |
| Defendants. | |

Before the Court is Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP's Motion to Withdraw as Counsel for Plaintiffs Terron Sharp and Linda Davis (#50).

**Relevant Background:**

On May 20, 2014, Plaintiffs filed a Class Action Complaint alleging Defendants' failure to pay Plaintiffs and other similarly-situated employees who are members of the Class, the lawful minimum wage and because Defendants improperly claim, or have claimed, the right to compensate employees at a reduced minimum wage rate under Nev. Const. art. XV, § 16. (#3). Phase 1 discovery closed on May 1, 2015. (#33). There two pending dispositive motions. (#48 and 52).

On May 13, 2015, counsel for Plaintiffs Terron Sharp and Linda Davis filed the instant motion to withdraw as counsel. (#50). To date, no opposition has been filed.

**Motion To Withdraw As Counsel (#50):**

Counsel, Bradley Schrager, Esq., Daniel Bravo, Esq., Don Springmeyer, Esq., and the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, seek to withdraw as counsel for Plaintiffs Terron Sharp and Linda Davis. (#50). Counsel cite a break down in communications between them and Plaintiffs Sharp and Davis. Counsel have informed Plaintiffs Sharp and Davis of the motion to withdraw as counsel from this case. *Id.*

**Discussion:**

Pursuant to Local Rule IA 10-6(b), "[n]o attorney may withdraw after appearing in a case except by leave of [c]ourt after notice has been served on the affected client and opposing counsel." "Except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result." LR IA 10-6(e). Nevada Rule of Professional Conduct 1.16(b)(5) provides that a lawyer may withdraw if the "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Here, based on Plaintiffs Sharp and Davis' counsel's representation of irreconcilable differences, the Court permits counsel to withdraw. LR IA 10-6(b); NRPC 1.16(b)(5). The deadlines for phase two of discovery has not been set. Plaintiffs' Motion for Partial Summary Judgment (#48) is fully briefed and pending in this action. On May 14, 2015, Defendants' filed their Motion for Summary Judgment (#52). The parties have stipulated to extending the filing of the response to the summary judgment motion to June 15, 2015. (#54).

The Court finds that permitting counsel to withdraw would not result in delay. LR IA 10-6(e).

Accordingly, and for good cause shown,

IT IS ORDERED that the Motion to Withdraw as Counsel for Plaintiffs Terron Sharp and Linda Davis (#50) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court will mail a copy of this order to Plaintiffs at the following addresses:

Linda Davis
1251 S. Cimarron, #53
Las Vegas, Nevada 89117

Terron Sharp
5474 Winning Spirit Ln
Las Vegas, Nevada  89113

///

///

IT IS FURTHER ORDERED that Plaintiffs Sharp and Davis must retain counsel within 30 days from the entry of this order.  Motion to certify class pending. Putative class requires that the plaintiffs appear through counsel.

DATED this 5th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE