# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATONYA TYUS, an individual; DAVID HUNSICKER, an individual; LINDA DAVIS, an individual; TERRON SHARP, an individual; COLLINS KWAYISI, an individual; LEE JONES, an individual; RAISSA BURTON, an individual; JERMEY MCKINNEY, an individual; and FLORENCE EDJEOU, an individual, all on behalf of themselves and all similarly situated individuals, <br><br> Plaintiffs, <br> vs. <br><br> WENDY'S OF LAS VEGAS, INC., an Ohio corporation; CEDAR ENTERPRISES, INC., an Ohio Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 2:14-cv-00729-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Joint Motion for Certification of Question of Law to the Nevada Supreme Court, (ECF No. 78), filed by Plaintiffs Raissa Burton, Linda Davis, Florence Edjeou, David Hunsicker, Lee Jones, Kwayisi, Jeremy McKinney, Terron Sharp, and Latonya Tyus (collectively "Plaintiffs"), and Defendants Wendy's of Las Vegas, Inc., and Cedar Enterprises, Inc. (collectively "Defendants"). For the reasons discussed below, the Court **DENIES** the Joint Motion.

## I. BACKGROUND

This case arises from a class action brought by Plaintiffs regarding Nevada's Minimum Wage Amendment ("MWA") to the Nevada Constitution. In 2006, Nevada voters approved the MWA, which "guaranteed to each Nevada employee . . . a particular hourly wage." (Am. Compl. ¶ 4, ECF No. 3). Plaintiffs were employees of Defendants, who are owners and operators of Wendy's Restaurants in southern Nevada. (*Id.* ¶ 1). Plaintiffs allege that Defendants paid employees "below the upper-tier hourly minimum wage level" in violation of the MWA. (*Id.* ¶ 2).

Plaintiffs filed the instant action in this Court on May 9, 2014. (*See* Compl., ECF No. 1). On March 12, 2015, Defendants filed a Motion for Judgment on the Pleadings, (ECF No. 43), and on April 20, 2015, Plaintiffs filed a Motion for Partial Summary Judgment, (ECF No. 48). In the Court's Order on these Motions, a question of law interpreting the MWA was certified to the Nevada Supreme Court. (*See* Order 11:1–5, ECF No. 71). On October 27, 2016, the Nevada Supreme Court answered the certified question. *See MDC Rests., LLC v. Eighth Judicial Dist. Court of State in & for County of Clark*, 383 P.3d 262, 265 (Nev. 2016).

In light of this ruling, Plaintiffs filed a Renewed Motion to Certify Class, (ECF No. 76), on December 15, 2016, and Defendants filed a Renewed Motion for Summary Judgment, (ECF No. 77), the next day. However, on the same day that Defendants filed their Motion for Summary Judgment, the parties filed a Joint Motion for Certification of a Question of Law, (ECF No. 78), asking the Court to certify an additional question:

> What constitutes "health benefits" offered by an employer for purposes of paying below the upper-tier minimum hourly wage rate under Nev. Const. art XV, sec 16(A)?

(Joint Mot. for Certification of Question of Law ("Joint Mot.") 3:25–27, ECF No. 78).

The parties also filed a Stipulation and Order for Temporary Stay of Briefing Deadlines (ECF No. 80). In the Stipulation, the parties ask the Court for a temporary stay on briefing deadlines until determination of their Joint Motion. (Stip. 1:27–2:3). However, the parties aver that if the Court were to deny the stay, the parties request that "the Court extend the time in which Plaintiffs may respond to Defendants' Renewed Motion for Summary Judgment." (*Id.* 2:4–5). The Court did not issue ruling on the Stipulation, and the parties have not filed any subsequent briefing.

## II. DISCUSSION

### A. Joint Motion to Certify Question

Pursuant to Nevada Rule of Appellate Procedure 5, the Nevada Supreme Court may answer questions of law certified to it by a United States District Court upon the certifying court's request:

> if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

Nev. R. App. P. 5(a); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1163–64 (Nev. 2006). A certifying court may invoke Rule 5 upon its own motion or upon the motion of any party. Nev. R. App. P. 5(b).

Whether to certify a question to the state's highest court lies within the federal court's discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Factors a federal court should consider in exercising this discretion include whether the state law question presents a significant question of important state public policy, whether the issue involved has broad application, whether law from other states is instructive, the state court's case load, and comity and federalism concerns. *Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003); *see also Boucher v. Shaw*, 483 F.3d 613, 616 (9th Cir. 2007).

The Court, in its discretion, finds no compelling reason to certify here. The Nevada Supreme Court recently issued controlling authority on the parties' question pursuant to its decision in *Western Cab Company v. Eighth Judicial District Court of State in and for County of Clark*, 390 P.3d 662 (Nev. 2017) ("The MWA defines 'health benefits' as 'making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer.'"). As such, sending the same issue to the Nevada Supreme Court for resolution would waste both the parties' and the judicial systems' time, energy, and resources. Accordingly, the Court denies the Joint Motion for Certification of Question of Law to the Nevada Supreme Court.

**B.     Stipulation to Stay or, in the Alternative, Extend Time**

The Court did not enter judgment as to the parties' Stipulation and, rather than file responses pursuant to the set deadlines, the parties instead chose not to file their responses as if the Stipulation was granted. Because the Court declined to issue judgment on the Stipulation, it effectively denied parties' Stipulation. *See* L.R. 7-1(b) ("No stipulations relating to proceedings before the court . . . are effective until approved by the court."). In the future, the parties must follow the set filing deadlines when no order on a stipulation issues prior to date of the deadlines.

However, because the Court has denied the Joint Motion for Certification, the parties have essentially received the relief sought. As such, pursuant to Local Rule 7-2(b), Plaintiffs shall have twenty-one days from the issuance of this Order to file their response to the Renewed Motion for Summary Judgment, and Defendants shall have fourteen days to respond to the Renewed Motion for Class Certification. The parties' failure to follow these deadlines will result in the Court considering the pending motions as unopposed.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Joint Motion for Certification of Question of Law to the Nevada Supreme Court, (ECF No. 78), is **DENIED**.

**IT IS FURTHER ORDERED** that the Stipulation and Order for Temporary Stay of Briefing Deadlines, (ECF No. 80), is **GRANTED in part** and **DENIED in part**. Plaintiffs shall have twenty-one days from the issuance of this Order to file their response to Defendants' Renewed Motion for Summary Judgment, and Defendants shall have fourteen days from the issuance of this Order to file their response to Plaintiffs' Renewed Motion to Certify Class.

**DATED** this __30__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge