**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LATONYA TYUS, an individual; DAVID HUNSICKER, an individual; LINDA DAVIS, an individual; TERRON SHARP, an individual; COLLINS KWAYISI, an individual; LEE JONES, an individual; RAISSA BURTON, an individual; JERMEY MCKINNEY, an individual; and FLORENCE EDJEOU, an individual, all on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>WENDY'S OF LAS VEGAS, INC., an Ohio corporation; CEDAR ENTERPRISES, INC., an Ohio Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:14-cv-00729-GMN-VCF<br><br>**ORDER**<br><br>Defendants' Renewed Motion to Strike Plaintiffs' Expert Declaration, Strike Plaintiffs' Purported Expert Witness, and for Sanctions (ECF No. 88) |

Before the Court is Defendants Wendy's of Las Vegas, Inc. and Cedar Enterprises, Inc.'s Renewed Motion to Strike Plaintiffs' Expert Declaration, Strike Plaintiffs' Purported Expert Witness, and for Sanctions (ECF No. 88). Plaintiffs Latonya Tyus, David Hunsicker, Linda Davis, Terron Sharp, Collins Kwayisi, Lee Jones, Raissa Burton, Jermey McKinney and Florence Edjeou filed a Response to Defendants' Renewed Motion to Strike (ECF No. 89) and Defendants filed a Reply (ECF No. 90). For the reasons stated below, Defendants' Motion to Strike is denied.

/ / /

/ / /

1

## I. BACKGROUND

This case arises from a class action brought by Plaintiffs regarding Nevada's Minimum Wage Amendment ("MWA") to the Nevada Constitution. In 2006, Nevada voters approved the MWA, which "guaranteed to each Nevada employee … a particular hourly wage." *See* ECF No. 3 at 2. Plaintiffs were employees of Defendants, who are owners and operators of Wendy's Restaurants in southern Nevada. *Id*. Plaintiffs allege that Defendants paid employees "below the upper-tier hourly minimum wage level" in violation of the MWA. *Id*. Plaintiffs filed the instant action on May 9, 2014. *See* ECF No. 1.

On September 11, 2014, the parties submitted a proposed Joint Discovery Plan and Scheduling Order, which this Court approved one day later. *See* ECF Nos. 16, 17. Because this matter involved a putative class action, discovery was split into two phases: (1) the Class Certification Phase I; and (2) the Damages and Liability Phase II. *See* ECF No. 17 at 3. Under the Scheduling Order, the last day to disclose experts was January 2, 2015, and rebuttal experts was February 2, 2015. *Id*. at 4. For dispositive motions, the deadline was April 1, 2015. *Id*. The Scheduling Order stated that "[e]ach phase will be marked at its close by dispositive motions on the issues of the respective phase." *Id.* at 3, 9 ("The Parties agree to limit their discovery in each Phase to the particular aims and subject matter of each respective Phase ….").

After the District Court decides the class certification motion, the parties may begin the process of setting deadlines and dates for Phase II of discovery (Damages and Liability). *Id*. at 4. In particular, the Scheduling Order requires a status conference be held 14 days after the District Court's ruling on class certification to set deadlines and dates for Phase II discovery. *Id*. On December 19, 2014, the parties submitted a joint stipulation to amend the original discovery plan and scheduling order, which was approved by this Court on December 23, 2014. *See* ECF No. 33. Under the Amended Scheduling Order,

the deadline to disclose experts was extended from January 2, 2015 to March 3, 2015; the deadline to disclose rebuttal experts was extended from February 2, 2015 to April 3, 2015; the close of Phase I discovery was extended from March 2, 2015 to May 1, 2015; and the deadlines to file a motion for certification and dispositive motions was extended from April 1, 2015 to June 1, 2015. *See* ECF No. 33 at 3-4.

On March 12, 2015, Defendants filed a Motion for Partial Judgment on the Pleadings Pursuant to FRCP 12(C) With Respect to Punitive Damages, (ECF No. 43), and on April 30, 2015, Plaintiffs filed a Motion for Partial Summary Judgment on Liability as to Plaintiff Collins Kwayisi's First Claim for Relief, (ECF No. 48). On May 13, 2015, Plaintiffs filed a Motion for Class Certification. *See* ECF No. 51. On the following day, Defendants filed a Motion for Summary Judgment. *See* ECF No. 52. Plaintiffs filed a Response to Defendants' Motion for Summary Judgment on June 22, 2015. *See* ECF No. 60. Plaintiffs attached as an Exhibit to their Response a Declaration of Matthew T. Milone ("Milone"), an expert witness retained by Plaintiffs' counsel. *See* ECF No. 60-2. On July 9, 2015, Defendants filed a Motion to Strike Plaintiffs' Expert Declaration, Strike Plaintiffs' Purported Witness, and for Sanctions. *See* ECF No. 64.

On August 21, 2015, United States District Court Judge Gloria Navarro issued an Order on the Defendants Motion for Partial Judgment on the Pleadings (ECF No. 43) and Plaintiffs' Motion for Partial Summary Judgment (ECF No. 48), among other things, certifying a question of law to the Nevada Supreme Court about interpreting the MWA. *See* ECF No. 71 at 11. Judge Navarro denied all other pending motions without prejudice with permission to re-file upon resolution of the Court's certified question to the Nevada Supreme Court. *Id*. at 12. On May 2, 2016, Plaintiffs served a seventh supplemental disclosure of documents, which disclosed the expert declaration of Milone. *See* ECF No.

3

88-7 at 8-10 ("Plaintiffs may use the following … to support their claims … Plaintiffs' Merits and Liability-Phase Expert Report of Milone dated May 1, 2016 and current Curriculum Vitae (TYUS 000882 – TYUS 000905)[.]").

On October 27, 2016, the Nevada Supreme Court answered the certified question. *See MDC Rests., LLC v. Eighth Judicial Dist. Court of State in & for County of Clark*, 383 P.3d 262, 265 (Nev. 2016); *see also* ECF No. 81 at 2. In light of this ruling, Plaintiffs filed a Renewed Motion for Class Certification on December 15, 2016. *See* ECF No. 76. The next day, Defendants filed a Renewed Motion for Summary Judgment. *See* ECF No. 77. On May 22, 2017, Plaintiffs filed a Response to Defendants' Renewed Motion for Summary Judgment, again attaching as an exhibit a declaration of Milone, an expert witness. *See* ECF No. 84-2. Defendants object to the Plaintiffs' designation of Milone as an expert witness and the expert declaration. As a result, on June 5, 2017, Defendants brought the instant Motion to Strike under Fed. R. Civ. P. 26(a)(2)(A)-(B) and 37(c)(1).

## II. DISCUSSION

### A. Arguments

Defendants' Motion requests that this Court strike Plaintiffs' designation of Milone as an expert and the declaration of Milone that Plaintiffs attached as an exhibit to their Response to Defendants' Motion for Summary Judgment for two reasons. First, Defendants assert that Plaintiffs' expert disclosure through a deficient and untimely declaration violates the Federal Rules of Civil Procedure and the Amended Scheduling Order. *See* ECF Nos. 88 at 2; 90 at 2. Second, Defendants claim the Plaintiffs' expert declaration is improper and highly prejudicial because it sets "forth legal conclusions that are exclusively in the province of this Court." *Id*. at 2, 12.

4

Defendants first direct the Court to the Amended Scheduling Order. Under that Order, the deadline to disclose experts was March 3, 2015. *See* ECF Nos. 88 at 8-9; 90 at 3-4. Defendants argue that the Plaintiffs "missed that deadline by two years and there is no excuse for their delay." *See* ECF Nos. 90 at 3; 88 at 10 ("Plaintiffs' expert designation … failed to comply with Rule 26(a)(2)(D)'s requirement that the expert be disclosed at the time ordered by the Court in its Amended Scheduling Order."). And "[d]ue to Plaintiffs' failure to designate any experts, Defendants had no cause to retain rebuttal experts on April 3, 2015 and no reason to conduct any additional discovery regarding expert opinions." *See* ECF No. 88 at 9. This "untimely and non-compliant expert disclosure," Defendants argue, is "highly prejudicial." *Id*.

In addition to being untimely under Fed. R. Civ. P. 26(a)(2)(D) and the Amended Scheduling Order, Defendants assert that the Milone declaration fails to comply with the substantive requirements under Fed. R. Civ. P. 26(a)(2)(B). *See* ECF Nos. 88 at 9-10; 90 at 8. According to Defendants, the Plaintiffs have not provided an expert's written report under Fed. R. Civ. P. 26(a)(2)(B). Defendants also argue that even if the Plaintiffs' expert declaration is construed as the written report mandated under Rule 26, it is deficient and incomplete. *Id*. Defendants point to language in the Milone expert declaration which states that "the opinions in this Declaration are my preliminary opinions and are subject to the opinions in my final report." *See* ECF Nos. 88 at 9; 84-2. The Declaration, Defendants assert, "provides no further elucidation as to when this 'final report' will be forthcoming or how it will supplement or supersede his Declaration." *Id*. at 9-10. Defendants also argue that the Declaration does not contain "(i) a <u>complete statement</u> of all opinions to which the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them" and a "list of all other cases in which, during the previous 4 years, the witness

5

testified as an expert at trial or by deposition." *See* ECF Nos. 88 at 9-10. Therefore, because Plaintiffs have failed to "provide information or identify a witness as required by Rule 26(a)," Defendants argue that under Rule 37(c)(1) "Plaintiffs' Declaration from Milone should be struck" and "Plaintiffs should not be allowed to use Milone to supply evidence on a motion, at a hearing or at trial." *Id*. at 10-11; *see also* ECF No. 90 at 8. Defendants further assert that the Court should strike Plaintiffs' expert declaration because it "has opined on legal conclusions that are the exclusive province of this Court." *Id*. at 12; *see also* ECF No. 90 at 9. Defendants seek their reasonable costs, including attorneys' fees, as a sanction against Plaintiffs. *Id*. at 2, 13.

Plaintiffs' Response argues that the designation of Milone as an expert and Milone's declaration were not untimely because Milone is their Phase II Damages and Liability expert. *See* ECF No. 89 at 5, 10. Plaintiffs claim that Phase II discovery or disclosure deadlines have not yet been set, including any expert disclosure deadlines. *Id*. at 2. Thus, their expert declaration "was filed well ahead of any Phase II discovery or disclosure deadlines." *Id*. According to Plaintiffs, all of the dates governing expert disclosures thus far in this case are "regarding Phase I of discovery (Class Certification)." *Id*. at 3. Plaintiffs assert that "Defendants' motion for summary judgment has nothing to do with class certification or Phase I; it is a Phase II motion, designed to be dispositive of the merits of the case." *Id*. at 5. Plaintiffs maintain that they "did not discern the need for expert opinion regarding the issue of class certification" so they "did not retain or disclose a class certification expert." *Id*. at 5. The Milone declaration "came in response to [the] Phase II liability motion filed by Defendants." *Id*. Plaintiffs argue that "[n]o one forced Defendants to file a liability-phase summary judgment motion before class certification was decided," and they "should not be penalized." *Id*. at 6, 10. Plaintiffs also dispute that the expert declaration opines on

6

ultimate issues of law in this case because "he offers straightforward summaries and reflections upon otherwise technical health plans that are of use to the Court an[d]—at the some future point—the jury." *See* ECF No. 89 at 9-10.

### B. Legal Standards

Under Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." This disclosure "must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained … to provide expert testimony in the case …." *See* Fed. R. Civ. P. 26(a)(2)(B). The expert's report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

The disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) goes on to state that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

The district court is given broad discretion in supervising the pretrial phase of litigation, including determining whether to exclude expert witnesses who have not been properly and timely disclosed. *See Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

**C. Analysis**

The parties present 3 issues to the Court: (1) Whether the Plaintiffs' designation of Milone as an expert and the Milone expert declaration were timely under Fed. R. Civ. P. 26(a)(2)(D) and the Amended Scheduling Order?; (2) Whether the Milone expert declaration met the substantive requirements under Fed. R. Civ. P. 26(a)(2)(B)?; and (3) Whether the Milone expert declaration invades the province of the Court by opining on ultimate issues of law?

Under the Court's Amended Scheduling Order, expert disclosures for Phase I (Class Certification) were due by March 3, 2015, and rebuttal expert disclosures were due by April 3, 2015. *See* ECF No. 33 at 3. On June 22, 2015, without prior disclosure, Plaintiffs attached the Milone expert declaration to their Response to Defendants' Motion for Summary Judgment. *See* ECF No. 60-2; *see also* ECF No. 88 at 3.

8

On May 2, 2016, Plaintiffs served supplemental disclosures on Defendants, including disclosure of the Plaintiffs' "Merits and Liability-Phase" expert Milone. *See* ECF No. 88-7 at 9-10. Plaintiffs also attached the Milone expert declaration as an exhibit to their Response to Defendants' Renewed Motion for Summary Judgment on May 22, 2017. *See* ECF No. 84-2.

In this putative class action, upon the parties' request, the Court bifurcated the discovery and disclosure deadlines into two distinct periods for (1) the class certification and (2) the damages and liability phases, including separate disclosure deadlines for experts on the issues of each respective phase. It is not disputed that if Plaintiffs' designated expert and declaration were part of Phase I of discovery (Class Certification), it would be untimely. Plaintiffs argue, however, that Milone is the "Phase II liability expert," not the class certification expert. *See* ECF No. 89 at 5, 10. Plaintiffs acknowledge that "the declaration was filed well ahead of any Phase II discovery or disclosure deadlines which … have not yet been established." *Id*. at 2. But they argue that Defendants' filing of the motion for summary judgment, a "Phase II liability motion" that has "nothing to do with class certification or Phase I," forced them to designate and disclose an expert on Phase II liability before Phase II discovery deadlines were set.

To the contrary, Defendants argue, in essence, that Plaintiffs' expert is the Plaintiffs' Phase I Class Certification expert. *See* ECF No. 90 at 4, 6-7. Defendants recognize that "certification issues had to be addressed during the Phase I of discovery." *Id*. at 4-5. Defendants argue that enmeshed within the class certifications issues, however, are the threshold issues of this lawsuit, including elements of Plaintiffs' claim—whether the health insurance plans offered to Plaintiffs were in fact "qualified health insurance" under the MWA—and ascertainability of the class. *Id*. And a "significant portion of Plaintiffs' discovery

9

during Phase I," Defendants argue, "was focused on resolving the [Phase I] issue of whether Defendants' health insurance plans were in fact qualified health insurance." *See* ECF No. 90 at 4.

Generally, certification issues concern the requirements of Rule 23 and whether the claims and defenses are susceptible to class-wide proof. *See* 3 William B. Rubenstein, *Newberg on Class Actions*, § 7:17, 80 (5th ed. 2013) (citing Manual for Complex Litigation, § 21.14 (4th ed. 2004)). Liability and damage phase issues, or "merits" issues, generally pertain to the strength or weaknesses of the claims or defenses and whether they are likely to succeed. *Id*. The distinction between the two is murky. *See, e.g.*, *Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, No. 3:12-cv-00090-TMB, 2013 WL 12205973, at *3 (D. Alaska Dec. 5, 2013) ("[I]t is not always possible to draw a bright line between discovery pertaining to certification issues and discovery pertaining to the merits or damages of a case."); *see also* Ann. Manual Complex Lit. § 21.14 (4th ed. 2017) ("There is not always a bright line between the two.").

At the class certification stage, the "rigorous analysis" courts must perform to ensure Rule 23's requirements have been satisfied may "overlap with the merits of the plaintiff's underlying claim." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). However, courts consider merits questions only to the extent that they are relevant to determining whether the plaintiffs have satisfied Rule 23's requirements. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 464-66 (2013); *see also* Ann. Manual Complex Lit. § 21.14 ("At this stage, the court should not decide or even attempt to predict the weight or outcome of the underlying claims and defenses, but it need not rely only on the bare allegations of the pleadings."). The inquiry is not whether the class will prevail on the merits of their claims. *Id*. at 467-468. Indeed, a plaintiff's purported likelihood to lose on the merits is an impermissible basis for denying class certification. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir.

2011) ("[A] district court is required to examine the merits of the underlying claim in [the class certification] context, only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims."); *see also Jordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir. 1982) ("[T]he class representative need not demonstrate a likelihood of success on the merits in order to maintain a class action."), *vacated on other grounds*, 459 U.S. 810 (1982); *Sullivan v. Chase Inv. Services of Boston, Inc.*, 79 F.R.D. 246, 265 (N.D.Cal. 1978) ("If [a defendant] could defeat class certification simply by disclosing evidence that suggests a valid defense against a representative plaintiff, 'it would follow that no class action could stand until the plaintiff proved every material element of his individual claim' and rebutted every arguable defense[,] an approach that clearly violates Rule 23.").

Plaintiffs do not have the benefit of discovery into the merits of a case at the class certification stage and defendants frequently have withheld exactly the information needed to prove plaintiffs' case because it is common in putative class actions for defendants to seek "bifurcated discovery" between class certification and merits issues, and this bifurcation results in a limited record at the class certification stage. *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 487 (C.D. Cal. 2012); *see also In re Zurn Pex Plumbing Products Liab. Litig.*, 644 F.3d 604, 612-13 (8th Cir. 2011).

In this case, while discovery of certification issues during Phase I may overlap with issues related to the merits in Phase II, the parties agreed "to limit their discovery in each Phase to the particular aims and subject matter of each respective Phase." *See* ECF No. 17 at 9. Whether the Defendants' health insurance plans were "qualified health insurance" under the MWA is an important element of Plaintiffs' claim. Further, as Defendants note, in Plaintiffs' renewed motion for class certification, Plaintiffs'

proposed class includes individuals "who were offered health benefits plans that did not qualify Defendants to pay less than [$8.25 per hour] pursuant to [the MWA]." *See* ECF Nos. 76 at 4; 90 at 5-6. Even so, the Court is not persuaded that it is necessarily an issue that must be resolved during the Phase I Class Certification stage.

Accordingly, the Court finds that the Plaintiffs' expert designation and declaration were not untimely under the Amended Scheduling Order. Although Fed. R. Civ. P. 26(a)(2)(D) requires a party to "make these disclosures at the times and in the sequence that the court orders," the Court finds that Plaintiffs' expert disclosure was substantially justified for two reasons. First, in light of the above, the "bifurcated discovery" between class certification and merits issues resulted in a limited record at the class certification stage. Indeed, Plaintiffs did not have the benefit of discovery into the merits of the case at this stage. The Court cannot say that Plaintiffs' designation and declaration of expert Milone in response to Defendants' dispositive motion on issues going to the merits was unreasonable.

Second, Defendants' delay in bringing this motion is a factor the Court considers. Plaintiffs served supplemental disclosures in May 2016 which disclosed the "Plaintiffs' Merits and Liability-Phase Expert Report of Milone dated May 1, 2016 and current Curriculum Vitae (TYUS 000882 – TYUS 000905)" and that "Plaintiffs may use [it] to support their claims." *See* ECF No. 88-7 at 8-10. To be sure, Judge Navarro permitted the parties to re-file motions only after the Nevada Supreme Court answered Judge Navarro's certified question of law. *See* ECF No. 71 at 12; 88 at 4-5 ("Defendant could not re-file its Motion to Strike until after a resolution of the certified question of law, Defendant took no action at that time."). The Nevada Supreme Court answered the certified question in October 2016. The Court's review of the

record shows that Defendants did not move to strike that designation or expert declaration until June 5, 2017.

The Defendants also argue that the expert declaration was deficient under Fed. R. Civ. P. 26(a)(2)(B) because it did not include "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them"; and "(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."[1] *See* ECF Nos. 88 at 9-10; 90 at 8.

After reviewing the expert declaration, the Court does not agree that the declaration fails to include the above requirements. An expert's written report must meet the requirements of Fed. R. Civ. P 26(a)(2)(B)(i)-(vi). Yet Defendants do not meaningful argue how the expert declaration violates Rule 26's requirements other than stating that "[t]his deficient and incomplete Declaration … violates the requirements that an expert's written report [must] contain [](i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them;[] and [](iii) any exhibits that will be used to summarize or support them." *See* ECF Nos. 88 at 9-10; 90 at 8.

The language in the Milone expert declaration does state that "the opinions in this Declaration are my preliminary opinions and are subject to the opinions in my final report." *See* ECF Nos. 88 at 9; 84-2 at 10. But that is so because "[d]iscovery in the Case is ongoing." *See* ECF No. 84-2 at 10. The Court

---

[1] Defendants do not dispute that Plaintiffs expert declaration included "(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years" and (vi) a statement of the compensation to be paid for the study and testimony in the case." *See* Fed. R. Civ. P. 26(a)(2)(B).

13

finds this reasonable in light of the bifurcated discovery issues discussed above and not necessarily an indicator that the Declaration does not include a "complete statement of all opinions to which the witness will express."

An expert's written report is not required to recite explicitly and verbatim Rule 26(a)(2)(B)(i)-(vi)'s requirements. The report must be "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *See Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998) (citations omitted). As noted above, Plaintiffs attached the expert declaration to their Response to the Motion for Summary Judgment filed in June 2015 and served supplemental Disclosures in May 2016 disclosing the same expert declaration. The Court is hard pressed to find significant surprise from Plaintiffs' use of their "Merits and Liability-Phase Expert Report of Milone" in their Response to Defendants' Renewed Motion for Summary Judgment filed in May 2017. What is more, after the Nevada Supreme Court answered Judge Navarro's certified question of law in October 2016, Defendants did not move to strike that designation or expert declaration until June 2017.

The expert declaration submitted by Plaintiffs does omit, as Defendants argue, "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." *See* Fed. R. Civ. P 26(a)(2)(B)(v). Courts, however, have declined to exclude experts on this ground alone. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2031.1, 77 (3d ed. 2010). While the Court declines to strike the expert designation and declaration on this ground, the Court will require Plaintiffs to supplement their expert declaration with this missing information.

14

Defendants also argue that "Plaintiffs' expert Milone, through his proffered Declaration, has opined on legal conclusions that are the exclusive province of this Court." *See* ECF No. 88 at 12; 90 at 8-9. The Defendants direct the Court to language in the Milone declaration that states "[i]t is my opinion based on what is set forth above in this affidavit and my experience with health insurance, that the 2012 Plan, the 2013 Plan, the 2014 Plan and the 2015 Plan are not 'Health Insurance.'" *See* ECF No. 84-2 at 8; *see also* ECF No. 78 ("there remains one outstanding, determinative issue in this action—whether Defendant's health benefits plans constitute qualified health insurance under the MWA."). As Defendants persuasively argue, Plaintiffs' expert declaration, as drafted, gives legal conclusions, thus invading the exclusive province of the trial judge. *See Nationwide Transport Finance v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("an expert witness cannot give an opinion as to [his] legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to applicable law is the distinct and exclusive province of the court.").

Nevertheless, the Defendants have not articulated a basis under Fed. R. Civ. P. 26 or 37 for the Court to strike Plaintiffs' expert Milone and his declaration. Defendants request that this Court strike Milone and his opinions as "improper opinions on legal conclusions." *See* ECF Nos. 88 at 12; 90 at 9. In particular, Defendants bring this motion to strike "pursuant to Federal Rules of Civil Procedure 26(a)(2)(A)-(B) and 37(c)(1)." *Id*. at 2. But Defendants fail to argue the legal basis under those rules by which the Court could strike the improper legal conclusions. *See id.* at 2; *see also* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed …."). The defendant in *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, challenged the plaintiff's attempt to introduce an expert report and testimony at trial via a motion to strike and a motion in limine relying, for

15

both, on Federal Rule of Evidence 702. *See Nationwide Transp. Fin.*, 523 F.3d at 1056. Argument on the ground that an expert improperly draws legal conclusions is more appropriately suited for a separate motion to strike or exclude Milone as Plaintiffs' expert under Fed. R. Evid. 702. *See, e.g.*, *Ginena v. Alaska Airlines, Inc.*, No. 2:04-cv-01304-MMD-CWH, 2013 WL 431827, at *1 (D. Nev. Feb. 1, 2013) ("A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence."); *see also Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty*, LLC, No. 2:10-cv-00510-GMN-GWF, 2012 WL 960459, at *1-2 (D. Nev. Mar. 21, 2012); *Kawamura v. Boyd Gaming Corp.*, No. 2:13-cv-203-JCM-GWF, 2015 WL 4622622, at *7 (D. Nev. Aug. 3, 2015); *Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-cv-05221-SI, 2016 WL 4728668, at *1 (N.D. Cal. Sept. 12, 2016) (addressing a motion to strike plaintiffs' expert reports under Federal Rules of Civil Procedure 26 and 37 and a motion to strike opinions and reports of plaintiffs' experts under Federal Rule of Evidence 702). To the extent the Milone declaration improperly draws legal conclusions, in deciding the Defendants' Renewed Motion for Summary Judgment, the District Court may disregard them.

At this stage in the case, Defendants' request to exclude Milone and his declaration on the ground that he opines on legal conclusions also appears premature. As Plaintiffs persuasively argue "the need for the Court to answer the question of what a jury may or may not hear from him in order for his contributions to the case to assist in the final determinations of Defendants' liability in this action" is some ways off. *See, e.g.*, *Scarim v. Ryan*, No. cv-11-01736-PHX-SRB, 2013 WL 12096529, at *2 (D. Ariz. Aug. 6, 2013) (declining to address defendants' concern that expert will offer an improper legal conclusion because that objection is properly raised at trial).

ACCORDINGLY,

16

IT IS HEREBY ORDERED that Defendants Wendy's of Las Vegas, Inc. and Cedar Enterprises, Inc.'s Renewed Motion to Strike Plaintiffs' Expert Declaration, Strike Plaintiffs' Purported Expert Witness and for Sanctions (ECF No. 88) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs supplement the Milone expert disclosure with "a list of all other cases in which, during, the previous 4 years, the witness testified as an expert at trial or by deposition" pursuant to Fed. R. Civ. P. 26(a)(2)(B)(v) on or before August 14, 2017.

IT IS SO ORDERED.

DATED this 17th day of July, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE