# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATONYA TYUS, an individual; DAVID HUNSICKER, an individual; LINDA DAVIS, an individual; TERRON SHARP, an individual; COLLINS KWAYISI, an individual; LEE JONES, an individual; RAISSA BURTON, an individual; JERMEY MCKINNEY, an individual; and FLORENCE EDJEOU, an individual, all on behalf of themselves and all similarly situated individuals,<br><br>                Plaintiffs,<br>vs.<br><br>WENDY'S OF LAS VEGAS, INC., an Ohio corporation; CEDAR ENTERPRISES, INC., an Ohio Corporation; and DOES 1 through 100, inclusive,<br><br>                Defendants. | Case No.: 2:14-cv-00729-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Unopposed Motion for Preliminary Approval of Class Settlement, (ECF No. 136), filed by Plaintiffs Latonya Tyus, David Hunsicker, Collins Kwayisi, Lee Jones, Raissa Burton, Jeremy McKinney, and Florence Edjeou (collectively "Plaintiffs") and Defendants Wendy's of Las Vegas, Inc. and Cedar Enterprises, Inc. (collectively "Defendants").

For the reasons discussed herein, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement is **GRANTED**.

//

//

## I. BACKGROUND

This case arises out of Defendants' alleged failure to pay the proper minimum wage pursuant to Nevada's Minimum Wage Amendment, Nev. Const. art. XV, § 16 (the "MWA"). During all relevant times, Defendants owned and operated approximately thirty (30) Wendy's Restaurants (collectively "Restaurants") in Nevada. (Am. Compl. ¶ 1, ECF No. 3). Plaintiffs allege that this action "is a result of [Defendants'] failure to pay Plaintiffs and other similarly-situated employees who are members of the Class the lawful minimum wage, [sic] because [Defendants] improperly claim, or have claimed, the right to compensate employees below the upper-tier hourly minimum wage level under [the MWA]." (*Id.* ¶ 2).

For example, Kwayisi alleges that he worked at a Wendy's restaurant owned and operated by Defendants and earned an hourly wage below the upper-tier hourly minimum wage under the MWA. (*Id.* ¶ 45). Moreover, Defendants offered Kwayisi a health insurance plan through Aetna Inc., but Kwayisi declined the insurance coverage. (*Id.* ¶ 46). As a result, Plaintiffs allege that Defendants "do not provide, offer," or "maintain qualifying health insurance plan benefits for the benefit of Plaintiffs and members of the Class, and therefore Defendants are not, and have not been, eligible to pay Plaintiffs and members of the Class below the upper-tier hourly minimum wage level." (*Id.* ¶ 11).

On May 9, 2014, Plaintiffs filed a Class Action Complaint against Defendants. (*See* Compl., ECF No. 1). On August 8, 2014, Defendants filed a Motion to Dismiss, (Mot. to Dismiss, ECF No. 11), and the Court dismissed Plaintiffs' second, third, and fourth claims for relief with prejudice, and denied Defendants' motion as to Plaintiffs' first claim for relief. (*See* Order, ECF No. 40). On August 21, 2015, the Court certified the following question to the Nevada Supreme Court: "whether an employee must actually enroll in health benefits offered by an employer before the employer may pay that employee at the lower-tier wage under the [MWA]." (Order Granting Defs.' Mot. for Partial J. 11:3–5, ECF No. 71). In *MDC*

*Restaurants, LLC v. Eighth Judicial District Court*, ("*MDC I*"), the Nevada Supreme Court answered that question, holding that "under the MWA, health benefits need only be offered or made available for the employer to pay the lower-tier wage." 383 P.3d 262, 266 (Nev. 2016).

On December 16, 2016, Defendants filed a Motion for Summary Judgment on Plaintiffs' remaining first cause of action on the grounds that "Plaintiffs were offered qualifying health insurance and were paid at least $7.25 per hour." (Mot. Summ. J. ("MSJ") 2:18–19, ECF No. 77). On September 28, 2017, the Court granted Defendants' Motion for Summary Judgment and denied Plaintiffs' Motion to Certify Class as moot. (Order12:4–9. ECF No. 92). The Clerk of Court was instructed to enter judgment in favor of Defendants. (Clerk's J., ECF No. 93).

Plaintiffs appealed the Court's decision, (ECF No. 94), and during the appeal's pendency, the Nevada Supreme Court issued its decision in *MDC Rests., LLC v. Eighth Jud. Dist. Court*, 419 P.3d 148, 148 (Nev. 2018) ("*MDC II*"); (*see* Plaintiffs' Mot. for Misc. Relief 4:16–19, ECF No. 105). In *MDC II*, the Nevada Supreme Court addressed "whether there is some minimum quality or substance of health insurance that an employer must provide for the employer to pay the lower-tier minimum wage under the MWA." *See MDC II*, 419 P.3d at 154. Declining to stray from the "simple meaning found within the text and purpose of the MWA," the Nevada Supreme Court held:

> [A]n employer is qualified to pay the lower-tier minimum wage to an employee if the employer offers a benefit to the employee in the form of health insurance of a value greater than or equal to the wage of an additional dollar per hour, and covers "the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer." Nev. Const. art. 15, § 16. An employer who pays the lower-tier minimum wage will have the burden of showing that it provided the employee with a benefit in the form of health insurance equal to a value of at least an additional dollar per hour in wages. If an employer cannot offer such insurance to an employee, the employer must pay the employee the upper-tier minimum wage.

*Id.* at 155–56. In light of this holding, the Ninth Circuit remanded this case for consideration. (Order of USCA, ECF No. 102).

On September 26, 2019, the Court granted Plaintiffs' Motion for Class Certification, defining the class as "[a]ll current and former employees of Defendants at their Nevada locations who were paid less than $8.25 per hour but were not provided with qualifying health benefits pursuant to Nev. Const. art. XV, sec. 16., at any time since May 9, 2012." (Mot. to Certify Class 4:13–17, ECF No. 108); (*see* Order 19:16–18, ECF No. 123). On May 4, 2020, Plaintiffs and Defendants reached a settlement agreement after arms-length negotiations and subsequently submitted the instant Joint Unopposed Motion for Preliminary Approval of Class Action Settlement. (*See* Unopposed Mot. Prelim. Approval, ECF No. 136). Under the Proposed Settlement, Defendants agree to pay the following:

> $858,600.00 ("Settlement Class Amount") on behalf of the following Settlement Cass for, *inter alia*, a complete specific release of the claims of Named Plaintiffs and members of the Settlement Class who do not exclude themselves from the Settlement.

(*Id*. 8:14–17). In exchange, Plaintiffs, on behalf of the Settlement Class, agree to dismiss the underlying case and release the Defendants from any and all claims arising from or relating to their employment, except for any "workers' compensation claims or any claims that may not be released under applicable law." (*Id.* 10:8–15).

## II. <u>LEGAL STANDARD</u>

The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, a class action may not be settled without court approval. Fed. R. Civ. P. 23(e). When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary

stage, the court must first assess whether a class exists. *Id.* (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing where it will make a final determination as to the fairness of the class settlement. Third, the court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

## III. DISCUSSION

The instant Motion seeks preliminary approval of the parties' Proposed Settlement and requests that the Court schedule a Final Approval Hearing. (Unopposed Mot. Prelim. Approval 2:12–16). In the Motion, Plaintiffs assert that the proposed settlement is fair, adequate, and reasonable. (*Id.* 10:19–22). Plaintiffs additionally claim that the proposed method of class notice is appropriate. (*Id.* 17:12–18:10). The Court first analyzes whether the proposed settlement is reasonable.

### A. Fairness, Reasonableness, and Adequacy of Proposed Settlement

Courts have long recognized that "settlement class actions present unique due process concerns for absent class members." *Hanlon*, 150 F.3d at 1026. One inherent risk is that class counsel may collude with the defendants, "tacitly reducing the overall settlement in return for a high attorney's fee." *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1125 (9th Cir. 2002); *see Evans v. Jeff D.*, 475 U.S. 717, 733 (1986).

To guard against this potential for class action abuse, Rule 23(e) requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *see Staton*, 327 F.3d at 972 n.22 (noting that the court's role is to police the

"inherent tensions among class representation, defendant's interests in minimizing the cost of the total settlement package, and class counsel's interest in fees"); *Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.").

The factors in a court's fairness assessment will naturally vary from case to case, but courts in the Ninth Circuit generally must weigh the *Churchill* factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

### i. Strength of Plaintiffs' Case and Risk of Further Litigation

With respect to the first two *Churchill* factors, the Court must weigh the "strength of [the plaintiffs'] case relative to the risks of continued litigation." *Lane v. Facebook, Inc.*, 696 F.3d 811, 823 (9th Cir. 2012). Approval of a class settlement is appropriate in cases in which "there are significant barriers plaintiffs must overcome in making their case." *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Similarly, difficulties and risks in litigating weigh in favor of approving a class settlement. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

Here, Plaintiffs contend that "[g]iven the nature of the dispute and the uncertainties inherent in any class action litigation, the proposed settlement eliminates the risk that the action would be dismissed without any benefit or relief to the class." (Unopposed Mot. Prelim. Approval 4:20–22). Plaintiffs assert that this six-year-old case presents various complexities, including the legal issues, potential offsets, and uncertainties of proof and appeal. (*Id.* 16:5–6).

Given these complexities, Plaintiffs contend that the proposed settlement is "well within the range of possible approval and has no obvious deficiencies." (*Id.* 16:7). Plaintiffs further assert that the negotiated settlement will provide Plaintiffs with adequate and tangible monetary relief. (*Id.* 16:8). Furthermore, during the full-day mediation, the parties collectively concluded that settling this case is "desirable . . . to avoid the expense and burden of further legal proceedings, and the uncertainties of trial and appeals." (*Id.* 13:21–23). Accordingly, because settlement eliminates this lengthy process and further litigation may not improve the outcome, the Court finds that the first two factors weigh in favor of granting preliminary approval. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." (citation omitted)).

        ii.     <u>Risk of Maintaining the Class Status</u>

Regarding the third *Churchill* factor, the Court considers the risk of maintaining class action status through the duration of the case. Under Federal Rule of Civil Procedure 23(c), an "order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)1(C). Plaintiffs acknowledge, and Defendants do not dispute, that there are risks involved in pursuing this case given the complexity and uncertainty in this class action litigation. (Unopposed Mot. Prelim. Approval 16:5–6); (*see* Decl. of Bradley Schrager ("Schrager Decl.") 3:6–9, ECF No. 137) ("[d]uring the mediation, each party, vigorously represented by its respective counsel, recognized the risk of a variety of potential adverse results in this action, including the extensive costs of continued litigation and the uncertainties of trial and potential appeals"). Given the uncertainty of this suit, the Court is satisfied that there are risks associated with pursuing and maintaining the instant class action. Accordingly, this factor weighs in favor of granting preliminary approval.

### iii. Amount Offered in Settlement

With respect to the fourth *Churchill* factor, the Court analyzes the proposed settlement amount. In assessing the consideration obtained by class members in a class action settlement, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Officers for Justice v. Civil Service Com'n of City & Cty. Of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). In this regard, "[t]he fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

Here, the settlement amount of $858,600.00 is reasonable given that it provides Plaintiffs and members of the Settlement Class "exactly what they sought by way of this lawsuit, namely, back pay for hours worked that were allegedly unpaid." (Unopposed Mot. Prelim. Approval 15:16–18). The settlement amount represents approximately 58% of the forecasted $1,480,347.00 recovery for the certified Class, with each person receiving a pro rata share. (*Id.* 8:19-21, 15:22–23); (Settlement Agreement ¶ 17, Ex. 1 to Schrager Decl., ECF No. 137). Furthermore, the monetary recovery for each class member, potentially $263.29, falls within the range of prior approved settlements in wage and hour class actions. (Unopposed Mot. Prelim. Approval 8:21–23); s*ee, e.g.*, *Allen v. Bedolla*, 787 F.3d 1218, 1221 (9th Cir. 2015) (approving wage and hour settlement recovery of $25 per class member); *Altamirano v. Shaw Industries, Inc.*, No. 13-CV-00939-HSG, 2015 WL 4512372, at *9 (N.D. Cal. 2015) (granting preliminary approval of wage and hour class action settlement, stating "[a]lthough 15% represents a modest fraction of the hypothetical maximum recovery estimated by Plaintiff, that figure is sufficient for the Court to grant preliminary approval given the merits of Plaintiff's claims"); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 684 (N.D. Cal. 2016) (approving FDCPA settlement recovery of $15.10 per class member); *Harper v.*

*Law Office of Harris & Zide LLP*, No. 15-CV-01114-HSG, 2017 WL 995215, at *4 (N.D. Cal. Mar. 15, 2017) (approving FDCPA settlement recovery of $10 per class member). Given that the settlement amount falls within the accepted range of prior approved settlements in wage and hour class actions, at this stage, the Court is satisfied that the amount offered in settlement is within the range of reasonableness.

      iv. <u>Extent of Discovery Completed and the Stage of the Proceedings</u>

  Next, the Court evaluates the extent of discovery completed and the stage of the proceedings. This action was initially filed on May 9, 2014. (*See* Compl., ECF No. 1). To date, the parties have exchanged initial disclosures and written discovery, in which Defendants produced time records and wage data. (Unopposed Mot. Prelim. Approval 13:8–11). Plaintiffs also retained an expert forensic and financial consultant, David M. Breshears, partner at Hemming Morse, LLP, CPAs, and Forensic and Financial Consultants, to analyze those records and calculate the Defendants' potential exposure. (*Id.* 13:12–14). Furthermore, Plaintiffs deposed Defendants' Director of Human Resources, Payroll Manager, and Human Resources Manager in their individual capacity. (*Id.* at 13:8–10); (Schrager Decl. 3:12–14). Additionally, the Scheduling Order's date for the completion of discovery, April 7, 2020, has now passed. (*See* Scheduling Order 2:24–26, ECF No. 125).

  With respect to the stage of the proceedings, the Court additionally finds that this factor weighs in favor of approval. Under this factor, the Court analyzes the degree of case development accomplished prior to settlement in order to determine whether counsel had sufficient appreciation of the merits of the case before negotiating settlement. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 813 (3d Cir. 1995). Here, the parties are in a later stage of proceedings. Defendants sought summary judgment, which this Court granted, and Plaintiffs appealed the Court's judgment to the Ninth Circuit. (*See* Order Granting Mot. Summ. J., ECF No. 92); (*see also* Notice of Appeal, ECF

No. 94). Furthermore, the parties engaged in a full day of mediation. (Unopposed Mot. for Preliminary Approval 13:17). The Court finds that based upon this litigation history, the extent of discovery completed, and the current stage of the proceedings, that "counsel had a good grasp on the merits of their case before settlement talks began," and therefore, this factor weighs in favor of granting preliminary approval. *Rodriguez*, 563 F.3d at 967.

          v.      Experience of Counsel

Regarding the sixth *Churchill* factor, the Court considers the experience and views of class counsel. The Ninth Circuit has declared that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Id.* (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)). Plaintiffs do not explicitly assert that both Plaintiffs' counsel and Defendant's counsel have experience litigating class actions. Nevertheless, Bradley Schrager, Plaintiff's counsel, asserts in his Declaration that both he and Don Springmeyer are experienced litigators. (Schrager Decl. ¶¶ 13, 14). Specifically, Bradley Schrager, Esq. has been designated as class counsel in over one dozen wage and hour litigation matters in his ten (10) years of civil practice. (Schrager Decl. ¶ 14). Plaintiffs' counsel, Don Springmeyer, Esq., has over thirty-five (35) years of experience in class action litigation. (*Id.* ¶ 13). With respect to Plaintiffs' Counsel's experience, the Court is satisfied that Plaintiffs' Counsel has adequate experience including personal involvement in complex class action suits and settlements.[1]

//

//

---

[1] Though the parties do not explain Defendants' counsel's experience in the Unopposed Motion for Preliminary Approval of Class Action Settlement, the Court finds that the sixth factor—experience of counsel—nevertheless weighs in favor of granting preliminary approval of the settlement given that the parties engaged in an arms-length negotiation over the settlement. *See also Harris v. U.S. Physical Therapy, Inc.*, No. 2:10-cv-01508-JCM -VCF, 2012 U.S. Dist. LEXIS 111844, at *19 (D. Nev. July 18, 2012) (finding that the experience and views of counsel weigh in favor of approval even though defendant's counsel did not submit a statement regarding counsel's experience and views).

vi. Reaction of the Class Members of the Proposed Settlement

The final *Churchill* factor, the reaction of the class members to the proposed settlement, is inapplicable at this time. However, upon final fairness review, the Court will consider how this factor impacts the *Churchill* analysis.[2]

**B. Class Representative Service Awards**

The Proposed Settlement provides that, subject to Court approval, Class Counsel will petition the Court for "an award of Class Representative Payments in the amount of Five Thousand Dollars ($5,000.00) each for a total of Thirty-Five Thousand Dollars ($35,000.00)" to be paid separately by Defendants, which Defendants will not oppose. (Settlement Agreement at 5); (*see also* Unopposed Mot. Prelim. Approval 9:5–9). Because Plaintiffs will separately apply for the service award at the time of seeking final approval of the proposed class action settlement, the Court does not reach a determination as to the fairness of the proposed Class Representative Service Award.

**C. Proposed Class Notice and Administration**

For proposed settlements under Rule 23, "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1); *see also Hanlon*, 150 F.3d at 1025 ("adequate notice is critical to court approval of a class settlement under Rule 23(e)"). A class action settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill*, 361 F.3d at 575.

Pursuant to the Proposed Settlement, the parties advise that the settlement will be administered by Simpluris, Inc., "an experienced class action settlement administrator" that conducted the parties' first opt-out notice in this case. (Unopposed Mot. for Preliminary

---

[2] The Court does not discuss the seventh *Churchill* factor—participation by government entity—because Plaintiff does not assert claims against any governmental body or agency it its Complaint. (*See* Compl., ECF No. 1).

Approval 17:23–25). Within ten (10) days following preliminary approval of the settlement, "Defendants will provide to the Settlement Administrator the names, last known addresses, and telephone numbers, Social Security numbers, and Covered Hours for all Class Members." (Settlement Agreement at 8–9). No later than ten (10) business days after receiving the data, "the Settlement Administrator will mail the Class Notice Packets to all Class Members via first-class regular U.S. Mail." (*Id.* at 9). For all returned direct mail, the Settlement Administrator will perform one skip trace as outlined in the Settlement Agreement. (*Id.*). Because mail delivery is an appropriate form of delivery, the Court finds the method of notice is sufficient. *See Mullane v. Cent Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (finding notice by mail as a sufficient form of delivery so long as notice is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Furthermore, pursuant to Rule 23, "the notice must include, in a manner that is understandable to potential class members: '(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).'" *Calderon v. Wolf Firm*, No. SACV16-1266-JLSKESx, 2018 WL 6843723, at *10 (C.D. Mar. 13, 2018) (citing Fed. R. Civ. P. 23(c)(2)(B)). Here, the proposed notice includes this necessary information. (*See* Notice of Proposed Settlement, Ex. 1A to Schrager Decl., ECF No. 137). Given the completeness of the Notice and the acceptable proposed form of delivery, the Court approves the parties' notice mechanism as sufficient.

//

//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, (ECF. No. 136), is **GRANTED** as follows.

1. The proposed settlement agreement is preliminarily approved as fair and adequate;
2. Within ten (10) days of this Order, Defendants shall provide to the Settlement Administrator, Simpluris, Inc., the names, last known addresses, and telephone numbers, Social Security numbers, and Covered Hours for all Class Members;
3. Within ten (10) days of receiving the above information from Defendants, Simpluris Inc. shall direct notice to class members via first-class regular mail, which includes the Class Notice and Claim Form;
4. The deadline for class members to complete, sign, and return a Claim Form shall be no later than sixty (60) days after the notice of Settlement was mailed;
5. The deadline for Class Counsel[3] to file a motion for attorneys' fees and expenses shall be thirty (30) days after entry of this Order;
6. The deadline for Class Counsel to file a a motion for class representative service award shall be thirty (30) days after entry of this Order;
7. A final fairness hearing shall take place on August 19, 2021 at 10:00 A.M. in Las Vegas Courtroom 7D before Judge Gloria M. Navarro.[4] Pursuant to the Settlement Agreement, if Defendants do not exercise their right to rescind the settlement, Plaintiffs shall file a Motion for Final Approval of Class Settlement by August 5, 2021.

---

[3] The Motion for Preliminary Approval of Class Settlement requests the continued appointment of Don Springmeyer, Bradley Schrager, and Daniel Bravo of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, as Class Counsel. (Unopposed Mot. Prelim. Approval 2:8–9). Given that the request is unopposed, the Court grants this request.

8. Class Counsels' motions for class representatives' service award and attorneys' fees and expenses will be considered at the final fairness hearing.

**DATED** this __27__ day of May, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT