# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATONYA TYUS; DAVID HUNSICKER; LINDA DAVIS; TERRON SHARP; COLLINS KWAYISI; LEE JONES; RAISSA BURTON; JERMEY MCKINNEY; and FLORENCE EDJEOU, all on behalf of themselves and all similarly-situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>WENDY'S OF LAS VEGAS, INC.; CEDAR ENTERPRISES, INC.; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No: 2:14-cv-00729-GMN-VCF<br><br>**[PROPOSED] ORDER**<br><br>**(1) CONFIRMING CERTIFICATION OF CLASS ACTION;**<br><br>**(2) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AND**<br><br>**(3) ENTERING FINAL JUDGMENT NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, PRELIMINARY APPROVAL OF SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL** |

On August 19, 2020, a hearing was held on the joint motion of Plaintiffs Latonya Tyus; David Hunsicker; Collins Kwayisi; Lee Jones; Raissa Burton; Jermey Mckinney; and Florence Edjeou (collectively the "Named Plaintiffs") and Defendants Wendy's of Las Vegas, Inc. and Cedar Enterprises, Inc. (collectively "Defendants") for final approval of their class settlement (the "Settlement") and payments to the Settlement Administrator. Bradley Schrager and Daniel Bravo of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP appeared for the Named Plaintiffs and the Class; and Montgomery Paek and Neil Baker of Littler Mendelson, P.C. appeared for Defendants. The Named Plaintiffs and Defendants are collectively referred to as the Parties.

The Parties have submitted their Settlement, which this Court preliminarily approved by its May 27, 2021, Order (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and an opportunity to comment, and Class Members have been given the opportunity to object, comment or to opt-out. Class Members have also been provided an individualized Claim Form.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court has subject matter jurisdiction over this action and the Parties' proposed settlement as Plaintiffs' Complaint was brought before this Court pursuant to 28 U.S.C. § 1332(d).

2. Pursuant to this Court's Preliminary Approval Order, a Class Notice Packet consisting of a (i) Notice of Proposed Settlement of Class Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, and (ii) Claim Form was sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a proportionate Settlement Share, their right to comment on, object to or opt-out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate time was allowed for each of these procedures.

3. The Court finds and determines that this notice procedure afforded adequate protections to all Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4. Zero (0) Class Members filed written objections to the proposed Settlement as part of this notice process or stated an intent to appear at the final approval hearing. Zero (0) Class Members filed written comments to the proposed settlement.

5. For the reasons stated in its Order of September 29, 2019, ECF No. 123, this Court finds and determines that the Class, as defined in the Settlement, meets all of the legal requirements for certification as a class action under Rule 23 of the Federal Rules of Civil

1  Procedure. It is hereby ordered that the Class is finally certified as a class action for purposes of
2  settlement of this action.

3       6.     The Court further finds and determines that the terms of the Settlement are fair,
4  reasonable, and adequate to the Class and to each Class Member, that Class Members who have
5  not opted out are bound by the terms of the Settlement. The Settlement is approved and all terms
6  and provisions should be and hereby are ordered to be consummated.

7       7.     The Court finds and determines that the Settlement Shares to be paid to the Three
8  Hundred Thirty-four (334) Claimants as provided by the Settlement are fair and reasonable. The
9  Court hereby gives final approval to and orders the payment of those amounts be made to the
10 Three Hundred Thirty-four (334) Claimants out of the Net Settlement Amount in accordance
11 with the Settlement.

12       8.     The Court finds and determines that the fees and expenses of the Settlement
13 Administrator, in administering the Settlement, in the amount of $21,100.00, are fair and
14 reasonable. The Court hereby gives final approval to and orders that the payment of that amount
15 be paid out of the Gross Settlement Amount in accordance with the Settlement.

16       9.     The Court finds and determines that Five Hundred Seventy-Five Thousand Nine
17 Hundred Dollars ($575,900.00) as Class Counsel Fees and Class Counsel Litigation Expenses is
18 fair and reasonable. The Court hereby gives final approval to and orders that the payment of
19 those amounts out of the Gross Settlement Amount in accordance with the Settlement.

20       10.    The Court finds and determines that the Named Plaintiff's Class Representative
21 Payments of Five Thousand Dollars ($5,000.00) each is fair and reasonable. The Court hereby
22 gives final approval to and orders that the payment of that amount to each of the Named
23 Plaintiffs in accordance with the Settlement.

24       11.    Nothing in this order may preclude any action to enforce the Parties' obligations
25 under the Settlement or under this order, including the requirement that Defendants make
26 payments to the Three Hundred Thirty-four (334) Claimants in accordance with the Settlement.

27
28

[PROP] ORDER GRANTING FINAL APPVL

12. Upon completion of administration, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

13. By operation of the entry of this Final Approval Order, Named Plaintiffs and Class Members are permanently barred from prosecuting against Defendants and the Released Parties any of the released claims as specified in the Settlement Agreement.

14. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

15. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in the Federal Rules of Civil Procedure.

16. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

17. The Parties are hereby ordered to comply with the terms of the Settlement.

18. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this Court's order on Plaintiffs' Motion for Final Approval of the Settlement, Settlement Administrator's Fees and Expenses, Class Representative Payments, and Class Counsel's Attorneys' Fees and Costs.

**IT IS SO ORDERED.**

Dated this __31__ day of August, 2021

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT